IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. ZACHARY PAUL POTTS, Defendant/Movant. | Cause No. CR 22-67-GF-BMM CV 23-39-GF-BMM ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Zachary Paul Potts's ("Potts") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Potts is a federal prisoner proceeding pro se. The Court directed Potts on August 24, 2023, to show cause why his motion should not be denied as procedurally defaulted. (Doc. 46.) Potts responded. (Doc. 47.) The motion will be denied.

**I. ANALYSIS**

Judgment was entered against Potts on April 11, 2023. Potts pleaded guilty to one count of Prohibited Person in Possession of a Firearm and Ammunition. 18 U.S.C. §§ 922(g)(1). Pursuant to the plea agreement, another count of Possession

1

of a Firearm, and one count of Possession with Intent to Distribute Fentanyl, 21 U.S.C. § 841(a)(1), were dismissed. (Doc. 19.) As part of his plea agreement, Potts waived the rights to "appeal any aspect of the sentence, […] if the sentence imposed is within or below the guideline range calculated by the Court," and the right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. (Doc. 19 at 7.) Potts did not raise his argument here in this Court or on appeal.

Under the doctrine of procedural default, relief for a claim under § 2255 is waived unless the defendant previously raised it on direct appeal. *See, e.g.*, *Bousley v. United States*, 523 U.S. 614 (1998) (holding that a claim is procedurally defaulted if it could have been "fully and completely addressed on direct review"); *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal.") Default applies even when, as Potts did, a defendant waives his right to appeal. *See United States v. Benboe*, 157 F.3d 1181, 1183-84 (9th Cir. 1998); *see also Class v. United States*, 138 S. Ct. 798, 805 (2018).

"If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United*

*States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *Massaro v. United States*, 538 U.S. 500, 504 (2003). When applying the "cause and actual prejudice" standard, a showing of possible prejudice is not enough; the defendant must show that the error "worked to his actual and substantial disadvantage." *Frady*, 456 U.S. at 170. Additionally, "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986).

Potts did not raise his 28 U.S.C. § 2255 argument in District Court or on appeal, and thus, the claim is procedurally defaulted. The Court directed him to excuse his default by meeting either the cause-and-prejudice test or the actual innocence test. (Doc. 46.) Potts has met neither test. His response to the Order to Show Cause does not justify his failure to raise his arguments previously. Potts instead has filed what could be considered a brief in support of his original motion. (Doc. 47.) Potts has failed to show cause why his procedural default should be excused. On that ground alone, his motion could be summarily denied without a hearing. A court may deny the petition without a hearing when the record conclusively establishes that the defendant cannot overcome the procedural default. *See* 28 U.S.C. § 2255(b); *United States v. Werle*, 35 F.4th 1195, 1202 (9th

3

Cir. 2022). Potts asserts only a question of law. The Court declines to conduct a hearing.

Potts could have brought his constitutional claim on appeal. The claim at issue here does not fall within any of the categories of claims that Potts's plea agreement forbids him to raise on direct appeal. (Doc. 19 (Plea Agr. at ¶ 8.) Potts challenges the Government's power to criminalize his (admitted) conduct. He thereby calls into question the Government's power to "constitutionally prosecute" him. *U.S. v. Broce,* 488 U.S. 563, 575 (1989) (quoting *Menna v. New York,* 423 U.S. 61, 61–62, n. 2 (1975)). A guilty plea does not bar a direct appeal in these circumstances. *Class*, 138 S. Ct. 798, at 805.

Potts relies on two cases for his argument, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. __, 142 S. Ct. 2111 (2022), and *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3rd Cir. 2023). The U.S. Supreme Court decided *Bruen* several months before Potts pled guilty, and almost a year before the Court entered judgment against him. Potts never raised the issue in the District Court, and he did not appeal it to the Ninth Circuit. Potts has not suggested any cause for this failure to raise the issue. Potts has not shown that "some objective factor external to the defense" prevented him from raising his constitutional argument in this Court or on direct appeal. *See, e.g.*, *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Even if Potts could show cause for his default, however, Potts cannot establish prejudice. Potts would not benefit from the U.S. Supreme Court's analysis in *Bruen*, because he was not an otherwise "law-abiding" citizen, to whom *Bruen* applied. *Bruen* did not disturb the idea that the government may regulate possession of firearms in certain circumstances. *Bruen*, 142 S. Ct. at 2133. More forcefully, Potts relies on a Third Circuit case that better supports his argument, *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3rd Cir. 2023). The Ninth Circuit, which is binding precedent on this Court, has decided the issue differently. In *United States v. Alaniz*, 69 F.4th 1124 (9th Cir. 2023), the Ninth Circuit considered *Bruen* in the context of the sentencing enhancement for possession of a dangerous weapon at the time of a felony drug offense. The Ninth Circuit concluded that the enhancement did not facially, or as applied, violate the defendant's Second Amendment rights. *Id.* The Ninth Circuit has not yet squarely addressed 18 U.S.C. §§ 922(g)(1) since *Bruen*. The Court considers the U.S. Supreme Court's analysis in *Bruen* and the Ninth Circuit's analysis in *Alaniz*. The Court concludes that Potts cannot show he was prejudiced by the asserted unconstitutionality of his crime of conviction.

Potts has also not shown that "in light of all the evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007) (en banc) (citing

*Schlup v. Delo*, 513 U.S. 298, 327 (1995), and *House v. Bell*, 547 U.S. 518, 536–37 (2006)). Potts admitted to the conduct of possessing the firearm. Potts simply does not agree that his possession was illegal. In that circumstance, given the Court's assessment of the state of the law in the Ninth Circuit, Potts has not shown that no reasonable juror would find him guilty beyond a reasonable doubt.

## II. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A certificate should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, a reasonable jurist may disagree with the Court's resolution of Potts's motion and constitutional challenge to 18 U.S.C. § 922(g)(1). A certificate of appealability is warranted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Potts's motion to vacate, set aside, or correct his sentence (Doc. 43) is

**DENIED.**

2. A certificate of appealability is **GRANTED**.

DATED this 6th day of November 2023.

*/s/ Brian Morris*

Brian Morris, Chief District Judge
United States District Court